UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
UNITED STATES OF AMERICA

    -against-                        **MEMORANDUM AND ORDER**
                                                        Case No. 04-CR-656 (FB)
JESUS ARRIAGA and AMAURIS LOPEZ-
RODRIGUEZ,

                Defendants.
---------------------------------------------------------x

*Appearances:*
| | |
|---|---|
| *For the United States:* | *For Defendant Jesus Arriaga*: |
| LORETTA E. LYNCH, ESQ. | JEFFREY CHABROWE, ESQ. |
| United States Attorney | 261 Madison Avenue, 12th Floor |
| Eastern District of New York | New York, NY 10016 |
| 271 Cadman Plaza East | |
| Brooklyn, NY 11201 | |

By ROBERT T. POLEMENI, ESQ.
   Assistant United States Attorney

**BLOCK, Senior District Judge:**

        For the fourth time, Jesus Arriaga moves to reduce his sentence. In the current motion, he alleges that his wife provided substantial assistance in an investigation undertaken by the Drug Enforcement Agency ("DEA") in Florida. He seeks to compel the United States Attorney's Office to make a motion to reduce his sentence in recognition of that assistance pursuant to Federal Rule of Criminal Procedure 35(b).

        As the Court has repeatedly explained, government agents cannot bind a United States Attorney's Office to make a Rule 35 motion without that office's authorization. *See Arriaga v. United States*, No. 08-CV-4388 (E.D.N.Y.) (Memorandum and Order dated Mar. 26, 2009, Memorandum and Order dated Aug. 28, 2009, Order dated Jan.

6, 2010). In that regard, Arriaga's counsel avers that he spoke to DEA agent George Kissell and obtained the following information:

> Kissell repeatedly contacted Assistant United States Attorney Steven D'Alessandro, the prosecutor assigned to Arriaga's case, regarding a potential agreement in which Arriaga would receive credit for his wife's cooperation. D'Alessandro told Kissell that the agreement would require D'Alessandro's "supervisor[']s approval for finalization." Affirmation of Jeffery Chabrowe (Sept. 19, 2011) ¶ 6. At first, Kissell postponed further action while waiting to hear from D'Alessandro regarding final approval. Eventually, Kissell told D'Alessandro, "This is time sensitive[.] I can't keep waiting so I am going to move[,] ok?" *Id.* ¶ 9. D'Alessandro responded, "OK." *Id.*

For present purposes, the Court overlooks the obvious hearsay problem with counsel's averments and, in addition, accepts them as true. But in light of D'Alessandro's clear statement that authorization to enter into a cooperation agreement would require his supervisor's approval, his response to Kissell's statement that he intended to move forward with the investigation cannot be interpreted as an authorization to bind the United States Attorney's Office to such an agreement. In consequence, Arriaga's motion to compel the United States Attorney's Office to file a Rule 35 motion must be denied.

**SO ORDERED.**

_Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 20, 2013

2